UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


JAMAL JOHNSON,                       )   CASE NO. 1:08 CV 820
                                     )
         Petitioner,                 )   JUDGE KATHLEEN M. O'MALLEY
                                     )
    v.                               )
                                     )   MEMORANDUM OF OPINION
PHIL KERNS,                          )   AND ORDER
                                     )
         Respondent.                 )


On March 31, 2008, petitioner pro se Jamal Johnson, an inmate at the Southern Ohio Correctional Facility, filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254.  Johnson challenges his convictions for aggravated robbery and having a weapon under disability.  For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  In addition, petitioner must have exhausted all available state remedies.  28 U.S.C. § 2254(b).

As grounds for the petition, Johnson asserts his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence.  It seems apparent on

the face of the petition that he has an appeal pending in the Ohio Supreme Court concerning these grounds. Thus, without regard to the potential merits of the grounds sought to be raised herein, the petition is premature.[1]

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

s/ Kathleen M. O'Malley
KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE

DATED: April 30, 2008

---

[1] Johnson filed a Motion to Stay Proceedings with his petition, but a stay is unnecessary in view of the fact that the statute of limitations is tolled pending the outcome of his direct appeal. 28 U.S.C. § 2244(d)(1)(a).